Case No. 23-15494

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

FELIX MENDELSON AS TRUSTEE FOR THE SHTAIMAN FAMILY TRUST,

*Plaintiff/Appellant,*

v.

COUNTY OF SAN MATEO,

*Defendant/Appellee.*

Appeal from the United States District Court for the Northern District of California
Case No. 20-cv-5696-AGT
The Honorable Alex G. Tse, United States Magistrate Judge

**APPELLEE'S MOTION TO STAY BRIEFING PENDING RESOLUTION OF *RALSTON V. SAN MATEO COUNTY*, NO. 21-16489**

JOHN D. NIBBELIN, COUNTY COUNSEL (SBN 184603)
KIMBERLY A. MARLOW, Deputy (SBN 130342)
TIMOTHY J. FOX, Lead Deputy (SBN 190084)
LAUREN F. CARROLL, Deputy (SBN 333446)
Hall of Justice and Records
400 County Center, 6th Floor
Redwood City, CA  94063
Telephone: (650) 363-4250
Facsimile:  (650) 363-4034

Attorneys for Defendant/Appellee
COUNTY OF SAN MATEO

## MEMORANDUM

By this motion, Defendant-Appellee County of San Mateo asks the Court to stay the briefing schedule in this matter, pending resolution of a closely related case before the U.S. Supreme Court. Pursuant to the Court's April 4, 2023, Time Schedule Order, the opening brief in this case is due May 30, 2023, and the answering brief is due June 29, 2023. (Decl. of Lauren F. Carroll, Ex. A.) Plaintiff-Appellant Felix Mendelson does not oppose this motion. (Carroll Decl. ¶ 2.)

The related case is *Randy Ralston, et al. v. San Mateo County, California, et al.*, Ninth Circuit Case No. 21-16489, Supreme Court Application No. 22A865. *Mendelson* and *Ralston* present similar facts and legal issues. In both cases, the plaintiffs own land on the coast of San Mateo County and wish to develop that land. Both plaintiffs claim that the County's riparian corridor regulations are so restrictive that they amount to an unconstitutional taking by the County. At this stage, the core legal issue in both cases is whether the claims are ripe for adjudication under *Williamson County Regional Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U. S. 172, 194 (1985). Neither plaintiff has applied for a development permit, and, in the County's view, the County has not had the opportunity to apply its regulations to a concrete development proposal.

On Nov. 1, 2022, this Court concluded that *Ralston* was not ripe, and the *Ralston* plaintiffs intend to appeal that decision to the U.S. Supreme Court. Their petition for writ of certiorari is due June 19, 2023. (Carroll Decl. Ex. B.) If the Supreme Court decides to hear *Ralston*, the resulting opinion will have direct bearing on this Court's considerations in *Mendelson*. It is in the interest of judicial economy to postpone any briefing, arguments, and decisions in this case until the Supreme Court has taken final action in *Ralston*.

We respectfully ask the Court to grant this motion.

Dated: April 28, 2023	JOHN D. NIBBELIN, COUNTY COUNSEL

By:     s/ *Lauren F. Carroll*
Kimberly A. Marlow, Deputy
Timothy J. Fox, Lead Deputy
Lauren F. Carroll, Deputy

Attorneys for Defendant/Appellee
COUNTY OF SAN MATEO

2